J-S72036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,  :   IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
              Appellee         :
                                            :
             v.                     :
                                            :
DAVID P. BUCHANAN,          :
                                            :
             Appellant       :      No. 811 WDA 2014

Appeal from the Judgment of Sentence Entered March 31, 2014,
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001328-2013

BEFORE:  BENDER, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JANUARY 13, 2015**

David P. Buchanan (Appellant) appeals from the judgment of sentence[1] entered after he pled guilty to driving under the influence (DUI) (third offense) with an accident enhancement; driving during suspension, DUI-related; accidents involving damage to attended vehicles or property; and reckless driving.[2]  Upon review, we affirm.

Appellant pled guilty to the above offenses on January 13, 2014.  On March 31, 2014, Appellant was sentenced to an aggregate 1½ to 3 years'

---

[1] Appellant purports to appeal from the April 17, 2014 order granting in part and denying in part his post-sentence motion. We have corrected the caption to reflect that Appellant's appeal properly lies from the judgment of sentence entered on March 31, 2014.  ***Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).

[2] Appellant also was charged with the summary offense of failing to give information and render aid, but that charge was *nolle prossed*.

* Retired Senior Judge assigned to the Superior Court.

incarceration. On April 15, 2014, Appellant filed a "Motion to Modify Sentence *Nunc Pro Tunc*." In support of the motion, Appellant alleged that (1) the sentence was manifestly excessive in length, because it is not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of Appellant, (2) the sentencing court failed to give Appellant proper credit for time served, and (3) subsequent to sentencing, it was determined that Appellant may be a candidate for the state intermediate punishment program. Following a hearing on the motion, the trial court issued an order granting it in part and denying it in part on April 17, 2014. Specifically, the trial court ordered that Appellant receive credit for time served from July 8, 2013, through July 9, 2013, and denied the motion in all other respects. Appellant filed his appeal with this Court on May 14, 2014.

Appellant raises the following issues for our consideration:

[1.] Did the sentence court abuse its discretion by imposing [an aggregate sentence of 1½ to 3 years' incarceration] in that said sentence[ is] manifestly excessive in length and not specifically tailored to the rehabilitative needs [of] ... Appellant or the ends of justice and society?

[2.] Did the sentence court abuse its discretion by considering a refusal of a blood alcohol test at the time of Appellant's sentencing when there was no evidence on the record of Appellant refusing a blood[]alcohol test?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Before we address the merits of Appellant's claims, we consider whether we have jurisdiction to entertain this appeal. ***See Commonwealth***

*v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Id.* (citing *Commonwealth v. Miller*, 715 A.2d 1203, 1205 (Pa. Super. 1998)).

In a criminal proceeding, an appeal lies from the judgment of sentence. *Commonwealth v. Preacher*, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). In *Green*, an *en banc* panel of this Court discussed how Rule 720 of the Pennsylvania Rules of Criminal Procedure governs the filing of an appeal from the judgment of sentence. In relevant part, Rule 720 states:

**Post−Sentence Procedures; Appeal**

**(A)  Timing.**

(1)  ... [A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

(2)  If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

  (a)  within 30 days of the entry of the order deciding the motion;

  (b)  within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion;

  (c)  within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

(3)  If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of the imposition of sentence … .

Pa.R.Crim.P. 720(A). In **Green,** we construed the phrase "imposition of sentence" as the date that the trial court pronounced the sentence in open court, not the date that the order imposing the judgment of sentence was docketed, if those dates differ. **Green**, 862 A.2d at 618-19.

In this case, the sentencing court sentenced Appellant on March 31, 2014. Hence, Appellant's post-sentence motion was due no later than April 10, 2014. **See** Pa.R.Crim.P. 720(A)(1); **see also** 1 Pa.C.S.A. § 1908. The certified record, however, reveals that Appellant filed his post-sentence motion on April 15, 2014. Because Appellant failed to file his motion within 10 days of the imposition of sentence, Appellant did not timely file a post-sentence motion. Therefore, Appellant had 30 days from the imposition of sentence to file his notice of appeal. **See** Pa.R.Crim.P. 720(A)(3); **Commonwealth v. Dreves**, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*) (imposition of sentence triggers date for an appeal in the absence of a timely post-sentence motion). Appellant filed his notice of appeal on May 14, 2014, 44 days after the imposition of sentence. Therefore, his notice of appeal appears untimely filed.[3]

---

[3] Our conclusion is unaltered by the fact that Appellant titled his motion "Motion to Modify Sentence *Nunc Pro Tunc*" or that the trial court entertained the motion. In **Dreves**, this Court explained:

> To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing. Merely designating a motion as "post-sentence motion *nunc pro tunc* " is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then

Ordinarily, an appellate court lacks authority to extend the time for filing an appeal. **Commonwealth v. Braykovich**, 664 A.2d 133, 136 (1995) (citing Pa.R.A.P. 105(b)). This rule does not, however, restrict the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court. **See id.** In **Commonwealth v. Patterson**, 940 A.2d 493 (Pa. Super. 2007), a panel of this Court held that, where the trial court complies with Pa.R.Crim.P. 704 at sentencing by notifying the appellant of the time in which to file his post-sentence motion and appeal, but thereafter fails to comply with Pa.R.Crim.P. 720 by failing to notify an appellant that, due to the late filing of his post-sentence motion, he had to file an appeal within 30 days of the imposition of sentence, an administrative breakdown in the court system has occurred.[4] Such a breakdown in the

> exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly. … [I]n order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.
>
> If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

**Dreves**, 839 A.2d 1128-29 (footnote omitted).

[4] The relevant provisions of Rule 704 and Rule 720 are set forth in mandatory terms. Rule 704(C)(3)(a) states that, at the time of sentencing,

judicial system excuses the untimely filing of a notice of appeal. *Id.* at 497-500.

In this case, the trial court's April 17, 2014 order did not advise Appellant that he had to file an appeal within 30 days of the imposition of sentence. Thus, although it appears that Appellant received notification of his post-sentence and appellate rights at the time of sentencing, the trial court's failure to comply with Rule 720 excuses Appellant's untimely-filed notice of appeal. Had the trial court complied with Rule 720, Appellant could have timely filed an appeal within the time remaining in the appeal period. Finding that a court breakdown occurred, we have jurisdiction over this appeal. *See Patterson*, 940 A.2d at 497-500.

---

"[t]he judge **shall** determine on the record that the defendant has been advised," *inter alia*, "of the right to file a post-sentence motion and to appeal, [and] of the time within which the defendant must exercise those rights." Pa.R.Crim.P. 704(C)(3)(a) (emphasis added). The Comment to this Rule provides that "[t]he rule is intended to promote ... fair sentencing procedures ... by requiring that the defendant be fully informed of his or her post-sentence rights and the procedural requirements which must be met to preserve those rights." Pa.R.Crim.P. 704, Comment. Furthermore, Rule 720(B)(4)(a) states that "[a]n order denying a post-sentence motion, whether issued by the judge ... or entered by the clerk of courts ..., **shall** include notice to the defendant of," *inter alia*, "the right to appeal and the time limits in which the appeal must be filed." Pa.R.Crim.P. 720(B)(4)(a) (emphasis added). "This requirement ensures adequate notice to the defendent, which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion." Pa.R.Crim.P. 720(B)(4)(a), Comment.

Appellant's claims challenge the discretionary aspects of his sentence.[5] Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Here, as evidenced above, Appellant has failed to file timely his post-sentence motion and notice of appeal. Nevertheless, even excusing both instances of untimeliness, Appellant is not entitled to relief.

Appellant's brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge

---

[5] Because the plea agreement was open as to his sentence, Appellant is not precluded from challenging the discretionary aspects of sentencing. *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009).

the discretionary aspects of a sentence. This Court has stated the following with regard to the concise statement of reasons relied upon for allowance of appeal:

The statement must persuade us there exists a substantial question that the sentence is inappropriate under the Sentencing Code.

To convince us a substantial question exists, an appellant needs to advance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code or violated a fundamental norm of the sentencing process. More specifically, the statement must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the Code and/or what fundamental norm was violated, and explain how and why the sentencing court violated that particular provision and/or norm.

Because we focus on the issues articulated by the appellant, it is not necessary that the statement of reasons provide elaborate factual or procedural details. Even still, we are not persuaded by bald assertions or non-specific claims of error in a concise statement. Instead, a concise statement must state the way in which the penalty imposed is inappropriate.

In any event, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented in the concise statement actually form a substantial question concerning the propriety of the sentence. Thus, we do not include or exclude any entire class of issues as being or not being substantial. Rather, we evaluate each claim based on the particulars of its own concise statement.

*Commonwealth v. Feucht*, 955 A.2d 377, 383-84 (Pa. Super. 2008) (citations omitted).

With respect to Appellant's first issue, Appellant's concise statement provides that his sentence is "manifestly excessive in length and not

specifically tailored to the rehabilitative needs to the appellant or the ends of justice and society." Appellant's Brief at 9. This statement fails to identify the specific provision of the Code and/or fundamental norm claimed to have been violated. It further fails to explain how and why the sentencing court violated that particular provision and/or norm other than by providing bald assertions. Thus, we find that it fails to present a substantial question concerning the propriety of Appellant's sentence.

Moreover, Appellant raises for the first time on appeal his claim that the sentencing court abused its discretion in considering a refusal of a blood alcohol test in sentencing Appellant. Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. **Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Id.**; **see** Pa.R.A.P. 302 (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement. **Watson**, 835 A.2d at 791. Instantly, Appellant did not object to the sentencing court's alleged consideration of a refusal of a blood alcohol test at sentencing or in his post-sentence motion. Accordingly, this claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015